OPINION
This is an appeal from the April 19, 2001, judgment entry of the Auglaize County Court of Common Pleas sentencing Defendant-Appellant, Tracy J. Gibson (Gibson), to twelve months of incarceration.
On November 3, 2001, two police officers from the St. Mary's Police Department observed Gibson and Anthony Storer (Storer) at a home located on 246 North Spruce Street in St. Mary's, Ohio. Storer was observed injecting himself with a syringe in the kitchen of the home, and Gibson was observed licking a spoon and then leaving and returning to the same room with a syringe. At the time of their arrest, Gibson and Storer appeared heavily intoxicated. Upon request from the police officers, Gibson produced a blood and urine sample, which showed the presence of cocaine, benzoyegonine (a metabolite of Cocaine), ecgonine methyl ester (a metabolite of cocaine), oxycodone and oxymorphone.
On November 16, 2000, Gibson was indicted on one count of Possession of Drugs under R.C. 2925.11(A), (C)(1)(a), a fifth degree felony, one count of Possession of Drugs (Cocaine) under R.C. 2925.11(A),(C)(4)(a), a fifth degree felony, and one count of Possession of Drug Abuse Instruments under R.C. 2925.12(A), a misdemeanor of the second degree. On December 14, 2000, Gibson entered pleas of not guilty on all three counts at a pretrial/plea negotiations hearing. Thereafter, Gibson failed to appear at a scheduled plea change hearing on January 3, 2001. A bench warrant was issued and Gibson appeared on the bench warrant on January 8, 2001. On February 9, 2001, Gibson plead guilty to count two of the indictment, Possession of Cocaine, in exchange for the dismissal of the other two counts. At the hearing, Gibson was advised that she could be given a twelve month jail sentence, be fined and/or lose her driver's license.
On April 19, 2001, Gibson appeared for sentencing. She informed the court that she did not want to be considered for community control sanctions. After considering a pre-sentence investigation report and statements from both attorneys and the defendant, the trial court found that Gibson refused community control, has a history of criminal offenses, has not been rehabilitated to a satisfactory degree and has not responded favorably in the past to sanctions. The trial court further found that Gibson has demonstrated a pattern of drug and alcohol abuse but refuses to accept that she has a problem and only showed remorse for getting caught. Additionally, the trial court found that the seriousness factors in R.C. 2929.12 are not present but that the court could not find that physical harm was not expected or caused. Finally, the trial court found that the minimum sentence would demean the seriousness of the offense, that she poses the greatest risk of reoffending and that the presence of recidivism factors require the court to impose the maximum sentence to protect the public.
The trial court then sentenced Gibson to twelve months in the Department of Rehabilitation and Correction, three years of post-release control, and suspended her driver's license for five years.
Gibson now appeals this sentence asserting a single assignment of error:
 The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, section 2929.14 resulting in Defendant-appellant receiving a sentence contrary to law.
An appellate court is to review the propriety of a trial court's felony sentencing decisions and substitute its judgment only upon finding clear and convincing evidence that, in relevant part, the record does not support the sentencing court's findings or is otherwise contrary to law.State v. Martin (1999), 136 Ohio App.3d 355, 361. Moreover, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. Id.
The general purpose of sentencing is to punish the offender while protecting the public from future offenses. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct." The court must also evaluate the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism" which includes in relevant part, whether the offender has a history of criminal convictions or has been adjudicated a delinquent child, whether the offender has demonstrated a pattern of alcohol or drug abuse that the offender refuses to acknowledge or refuses treatment, whether the offender shows no genuine remorse and finally, whether the offender has been rehabilitated to a satisfactory degree.
While community control is available, R.C. 2929.14(A)(5) provides that an offender who commits a felony of the fifth degree may be sentenced from six to twelve months in prison. Accordingly, the court may sentence the offender to more than the minimum sentence if it finds that a minimum sentence would demean the seriousness of the offender's conduct or fail to adequately protect the public. R.C. 2929.14(C).
However, the court may only sentence the offender to the longest term if it finds that the defendant is a person who, in relevant part, "pose[s] the greatest likelihood of committing future crimes." R.C.2929.14(C). Moreover, the court must also give reasons for its findings on the record for sentencing an offender to the maximum term as listed in R.C. 2929.14(C). R.C. 2929.19(B)(2)(d); see also State v. Edmondson
(1999), 86 Ohio St.3d 324 . Furthermore, the trial court should look to the factors laid out in R.C. 2929.12 when evaluating whether R.C. 2929.14
has been satisfied. Martin, 136 Ohio App.3d at 362. Accordingly, the sentencing court may use its discretion when assigning weight to each particular statutory factor. State v. Arnett (2000), 88 Ohio St.3d 208,215-216.
In this case, the trial court evaluated the factors listed in R.C.2929.12 and found that while the factors relating to the seriousness of the conduct were not present, nearly all of the factors indicating a likelihood of recidivism were present. Accordingly, the court recited an OMVI Gibson committed when she was sixteen and a previous indictment for drug trafficking. Additionally, the court found that,
 the defendant was placed on two (2) years of probation after an[other] OMVI conviction of August 10, 2000. * * * The court notes that the date of [the present] offense was November 3, 2000. * * * [So] within three (3) moths of her being placed on probation with conditions of drug and alcohol avoidance, she was shooting up with Hydrocodone. (See Sent. Tran. at *7)
Furthermore, the court noted that the offender has an alcohol and drug problem that she fails to recognize and as such, she poses the greatest likelihood of recidivism. Gibson argues that she only received the maximum sentence because she refused to accept community control sanctions. While the trial court may have sentenced Gibson to community control sanctions had he been given the opportunity, Gibson told the trial court at the hearing,
 I would like to finish the rest of my time out in prison, be done and over with it and not have to look on this for the next five years.
Additionally, Gibson was warned about the possibility of a twelve month jail sentence at the plea hearing. By refusing to accept community control, the trial court was required to sentence her to a jail term and after weighing the factors, decided that the maximum sentence was warranted. As we cannot find by clear and convincing evidence that the sentencing court failed to follow the sentencing procedures laid out in R.C. 2929.12, 2929.14 and 2929.19 when it sentenced Gibson to twelve months in prison, appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Auglaize County Court of Common Pleas is affirmed.
WALTERS, P.J., and HADLEY, J., concur.